GARDEN, JUDGE:
Claimants are co-owners of a tract of land which fronts county route 83/2 at Atwell Hollow, Bartley, McDowell County, *338 West Virginia. The land was purchased in July 1974, and claimants moved onto the property in 1975. Claimants allege that the house and real estate have suffered water damage which resulted from respondent’s negligent maintenance of the roadway and drainage system. Claimants seek damages in the amount of $12,467.52.
County route 83/2, also called the Atwell Branch Road, is a gravel-based dirt road, designated as a local service road, which is situated about 50 feet above claimants’ property. The claimants testified that when there was heavy rain, the ditch line drainage system which runs alongside the road, became blocked by rocks and other debris. The water then overflowed onto their property and damaged their house. Mr. Pack testified that he had made numerous complaints to respondent concerning this condition. He stated that respondent brought gravel to lay on the road, but that the slope of the road caused the gravel to wash down onto his property. Photos admitted into evidence show gullies, rock slides and other evidence of erosion.
Mr. Pack testified that on at least nine occasions he has hired a bulldozer to try to correct the damage to his driveway and yard. The driveway was not in existence when claimants moved onto the property. Mr. Pack testified that he had the driveway bulldozed to connect to county route 83/2. He stated that the driveway crosses over a small portion of an adjoining landowner’s property before exiting into county route 83/2.
Jesse H. Gravely, a District Engineer for Construction, employed by respondent, testified that he had examined the Pack property. On the basis of his examination, he believed the problem resulted from the construction of the driveway. He stated:
“Well, if the bulldozer took out too much material at the foot of the slope between the driveway and the State road, then that would tend to weaken the support of the State road and, of course, it would slide down into the driv&-way. That apparently is what has happened. The slope here is very, very steep. The material is of a talus or rocky *339 nature and when it gets, if you undercut it, it will slide away and in at least two places this has brought slides from the road down into the driveway where the driveway was too close to the road itself.”
Mr. Gravely stated that a permit is required to connect a driveway to a State road. The permit will be issued after the property owner submits a plan showing that the driveway will be properly constructed, meeting drainage standards. No such permit was issued to the claimants. Mr. Gravely disputed Mr. Pack’s testimony that the driveway crossed over another landowner’s property.
Prom the record, the Court is of the opinion that the drainage problem was caused in part by the respondent’s failure to keep the ditch line clear. However, the Court feels that the claimant was also negligent in the construction of the driveway and that this was the significant contributing factor to the drainage problems. Applying the doctrine of comparative negligence, the Court is of the opinion that the negligence of the claimant was equal to or greater than that of the respondent and denies the claim.
Claim disallowed.